JUSTICE NELSON
specially concurs.
I concur in the result reached in our opinion, but I disagree in our decision to overrule Baeta and Stevens. That is unnecessary, and neither the parties nor amicus requested that we overrule either of those cases. The problem in this case is not Baeta or Stevens. The problem is Witty and the Court’s assumption that because Witty, a district court case, interpreted § 25-10-201, MCA, in a certain limiting manner, that interpretation automatically is applicable to workers’ compensation cases. Afair reading of Baeta and Stevens does not support that conclusion.
*84 Baeta did not address Witty much less determine that the particular rule enunciated in that case limiting expert witness fees to the amount provided by § 26-2-501, MCA, was applicable to workers’ compensation cases. More important, Baeta did not address the specific language of § 25-10-201(9), MCA, cited above. At most, Baeta generally applied § 25-10-201, MCA, to workers compensation cases and held that § 25-10-201, MCA, defines the sorts of costs that may be awarded under § 39-71-612, MCA.
Similarly, while Stevens relied on Baeta, Stevens did not address Witty. We simply pointed out that Baeta made § 25-10-201, MCA, applicable to workers’ compensation cases. We then went on to discuss why, under subsection (9) of that statute, the Workers’ Compensation Court did not abuse its discretion in refusing to award private investigator costs to the prevailing claimant. We pointed out in Stevens, that the investigator costs at issue in that case were not historically awarded within the course and practice of the Workers’ Compensation Court, nor was there any express provision of law which mandated an award of costs for such services or special statute which excepted investigator costs from the list of items in § 25-10-201, MCA. Stevens, 886 P.2d at 968-69.
Given that Witty was a district court case rather than a workers’ compensation case; given that § 25-10-201(9), MCA, authorizes the taxing of reasonable and necessary expenses according to the course and practice of the court; given that it is undisputed that physician deposition costs have been traditionally awarded to the prevailing claimant in workers’ compensation cases; and given that the legislature has specifically allowed the Workers’ Compensation Court to award reasonable costs in contested cases where the claim is determined to be compensable, I would simply hold that, consistent with Baeta and Stevens, the Workers’ Compensation Court had discretion to award Kloepfer her physician deposition costs.
Accordingly, I specially concur only in the result of our decision.
JUSTICE GRAY concurs in the foregoing special concurrence.